UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-6474-GW-BFMx | Date | August 10, 2023 |
|---|---|---|---|
| Title | R. J. Kulick v. U.S. Supreme Court, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**     **IN CHAMBERS - RULING ON REQUEST FOR EMERGENCY INJUNCTION**

Attached hereto is the Court's Ruling on Plaintiff's Request for Emergency Injunction. Plaintiff's Request is denied. The Court concludes that the Complaint fails to allege any viable claims. However, because Plaintiff is appearing *pro se*, the Court dismisses the Complaint with leave to amend.

:

| | Initials of Preparer | JG |
|---|---|---|

<u>*R. J. Kulick v. U.S. Supreme Court et al*</u>; Case No. 2:23-cv-06474-GW-(BFMx)
Ruling on Request for Emergency Injunction

I. **<u>Background</u>**

On August 7, 2023, *pro se* Plaintiff R.J. Kulick initiated this action against Defendants the Supreme Court of the United States, United States Court of Appeals for the Ninth Circuit, and the United States District Court for the Central District of California (collectively, "Defendants"). *See* Complaint ("Compl."), Docket No. 1.  The basis for the Complaint appears to be letters Plaintiff received from the Office of the Clerk of the Supreme Court of the United States. *See id.*, Ex. A. Two of the letters note that Plaintiff's petitions for rehearing in two of his earlier cases were denied by the Supreme Court of the United States.  The other letter indicates that Plaintiff's motion for leave to proceed *in forma pauperis* was denied.  In addition, it appears that Plaintiff is requesting a temporary restraining order ("TRO") and/or a preliminary injunction to prevent a foreclosure on his home. *See* Compl. at 10.

A court may *sua sponte* dismiss a frivolous, patently insubstantial complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).  A court may also dismiss a claim *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).  As more thoroughly discussed below, Plaintiff's Complaint suffers from three critical deficiencies: (1) federal subject matter jurisdiction is lacking; (2) Plaintiff's claims against Defendants are barred by the doctrine of absolute judicial immunity; and (3) Plaintiff has failed to identify the proper parties in his Complaint to warrant a TRO and/or preliminary injunction.

II. **<u>Legal Standard</u>**

A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  At

this stage, the court accepts the well-pled facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's *pro se* status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**III.   Discussion**

Plaintiff's Complaint is largely indecipherable. To the extent the Court can understand Plaintiff's claims, they appear to be premised on his belief that the letters from the Office of the Clerk of the Supreme Court of the United States are unconstitutional. As an initial matter, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Liberally construed, Plaintiff's Complaint alleges violations of Racketeer Influenced and Corrupt Organizations Conspiracy ("RICO"), 18 U.S.C. § 1962(d), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.* However, the Complaint does not describe any action by any Defendant that amounts to a violation of Plaintiff's federal rights under RICO or the ADA. As currently pled, the Complaint is woefully short of any factual detail to permit the Court to draw the reasonable inference that any named Defendant is liable for any misconduct to sustain a federal violation under either RICO or the ADA. *Iqbal*, 556 U.S. at 678.

Thus, the Complaint provides insubstantial support for federal subject matter jurisdiction.

Moreover, the doctrine of judicial immunity bars Plaintiff's claims against Defendants. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction … " *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (quoting *Mullis v. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987); *Atkinson-Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (per curiam) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts."). The doctrine of judicial immunity has two limits. "First, a judge will be subject to liability … when he has acted in the 'clear absence of all jurisdiction.'" *Moore*, 96 F.3d at 1244 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Second, "absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)). Further, whether judicial immunity applies may be determined based on the allegations in the complaint. *See Moore*, 96 F.3d at 1243-44 (affirming dismissal based on Fed. R. Civ. P. 12(b)(6)); *Mullis*, 828 F.2d at 1387 n. 6 ("The issue of entitlement to absolute judicial immunity for acts alleged in the complaint properly may be decided on a motion to dismiss.").

Here, the Complaint does not allege that the United States Supreme Court Justices, Ninth Circuit Justices, or District Court Judges acted in the absence of jurisdiction. *See Pierson*, 386 U.S. at 554 (noting doctrine of judicial immunity applies even if a judge is alleged to have acted maliciously or corruptly, as long as the judge did not act in the absence of all jurisdiction). Given the clear applicability of judicial immunity to this case, Plaintiff has failed to state a claim upon which relief may be granted.

Finally, even if the Court could exercise jurisdiction over this action (it cannot), Plaintiff has failed to identify the proper parties to warrant a TRO and/or preliminary injunction. As best the Court can determine, it appears that Plaintiff is seeking an emergency injunction to prevent a foreclosure on his property. *See generally* Compl. It is not clear to the Court, however, how a TRO or preliminary injunction against the named Defendants would prevent such a foreclosure.

Rather, Plaintiff should name a proper party to this action, such as the current servicer of Plaintiff's mortgage or the foreclosing entity. Because the proper party(ies) have not been named and a myriad of other reasons, this Court cannot issue an injunction.

## IV.     Conclusion

For the above stated reasons, the Court concludes that the Complaint fails to allege any viable claims. However, because Plaintiff is appearing *pro se*, the Court dismisses the Complaint with leave to amend.